UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAE LAMBERT,<br><br>            Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., *et al.*,<br><br>            Defendants. | Case No.: 3:19-cv-01718-DMS-AHG<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>**[ECF No. 21]** |

  This matter comes before the Court pursuant to the parties' Joint Motion to Amend the Scheduling Order. ECF No. 21.

  Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by

acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties seek a 60-day extension of the fact discovery deadline, expert disclosure deadline, and rebuttal expert deadline. ECF No. 21 at 3. The parties seek no other extensions of the existing Scheduling Order (ECF No. 20). In support, the parties explain that despite significant efforts, Defendant has been unable to depose Plaintiff's treating doctors due to the ongoing COVID-19 pandemic. ECF No. 21 at 2. The earliest available date provided to Defendant for any of the treating doctors is August 3, 2020, and Defendant has ben informed that all available deposition dates are likely to be in August 2020 at the earliest. *Id*. at 2-3.

Defendant has also not yet taken Plaintiff's deposition or the deposition of her witness, Henry Ward, because Defendant strongly prefers to take both depositions in person in Plaintiff's home state of New Mexico. *Id.* at 3. Nonetheless, Defendant is willing to take those depositions via videoconference if the parties cannot agree it is safe to conduct the depositions in person before September 15, 2020. *Id.*

Upon due consideration, the Court finds good cause for the requested extensions due to the scarce availability of Plaintiff's treating doctors for depositions, and accordingly **GRANTS** the Joint Motion (ECF No. 21). However, the Court stresses that Defendant's inability to take Plaintiff's or Mr. Ward's depositions in person would not, by itself, constitute good cause for a continuance. The Court advises the parties that it expects depositions to be scheduled remotely and will not grant further requests to the extent they are based on an inability to take depositions in person because of COVID-19.

**IT IS HEREBY ORDERED**:

1. All fact discovery shall be completed by all parties by **September 15, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date,

taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. The parties shall designate their respective experts in writing by **October 16, 2020**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **November 17, 2020**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **October 16, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party shall supplement its disclosure regarding contradictory or rebuttal

evidence under Fed. R. Civ. P. 26(a)(2)(D) by **November 17, 2020**.

5. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

6. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

7. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

8. The dates and times set forth herein will not be modified except for good cause shown.

9. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

10. All other dates and deadlines set forth in the Court's prior Scheduling Order (ECF No. 20) remain in place.

**IT IS SO ORDERED.**

Dated:  July 9, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge